# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| QUVIS, Inc. ) | Case No. 09-10706 |
| ) | |
| Debtor ) | Chapter 11 |
| ) | |
| ) | |
| Douglas A. Friesen, M.D.; ) | |
| Marilyn R. Friesen Greenbush, Ph.D; ) | |
| Douglas C. Cusick; ) | |
| JFM Limited Partnership I; and the ) | |
| Unsecured Creditors' Committee ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Adversary No. 10-5142 |
| ) | |
| Seacoast Capital Partners II, L.P. ) | |
| ) | |
| Defendants ) | |

## DEFENDANT SEACOAST CAPITAL PARTNERS II, L.P.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR EQUITABLE SUBORDINATION

Defendant Seacoast Capital Partners II, L.P. ("Seacoast") files this Answer (the "Answer") in response to the Complaint for Equitable Subordination (the "Complaint") filed by plaintiffs Douglas A. Friesen, M.D., Marilyn R. Greenbush, Ph.D., Douglas C. Cusick, JFM Limited Partnership I, and the Unsecured Creditors' Committee (collectively, the "Plaintiffs"), and in support of its Answer, respectfully shows the Court as follows:

## I. ANSWER

Seacoast answers each of the numbered paragraphs in the Plaintiffs' Complaint as follows:

1.      Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 1 of the Complaint, some of which constitute legal assertions for which no response is required.

2.      Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 2 of the Complaint, some of which constitute legal assertions for which no response is required.

3.      Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 3 of the Complaint, some of which constitute legal assertions for which no response is required.

4.      With respect to the assertion made in Paragraph 4 of the Complaint to the effect that Seacoast "currently occupies the third (3rd) position, pursuant to the first-to-file priority rule," no response is required to such legal assertion. Seacoast admits the remaining allegations in Paragraph 4 of the Complaint.

5.      Seacoast admits the assertions in Paragraph 5 of the Complaint.

6.      Seacoast admits the assertions in Paragraph 6 of the Complaint.

7.      Seacoast admits the assertions in Paragraph 7 of the Complaint.

8.      Seacoast admits the assertions in Paragraph 8 of the Complaint.

9.      Seacoast admits the assertions in Paragraph 9 of the Complaint, and that the referenced Proof of Claim concerns loans made by Seacoast commencing on June 1, 2005.

10.     Seacoast admits that on June 1, 2010, the Court issued an Order on the Debtor's Motion to Determine Secured Status of Noteholders (Docket No. 333). Seacoast is not required to admit or deny the remaining assertions in Paragraph 10 of the Complaint, as such allegations consist of legal assertions for which no response is required.

11. Seacoast admits that on June 17, 2010, Seacoast filed a Motion to Lift Automatic Stay (Docket No. 354), requesting relief from the automatic stay and allowing foreclosure of its security interest in the Collateral.

12. Seacoast admits the assertions in Paragraph 12 of the Complaint.

13. Seacoast admits the assertions in Paragraph 13 of the Complaint.

14. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 14 of the Complaint, some of which constitute legal assertions for which no response is required.

15. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 15 of the Complaint, some of which constitute legal assertions for which no response is required.

16. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 16 of the Complaint, some of which constitute legal assertions for which no response is required.

17. With respect to Paragraph 17 of the Complaint, Seacoast admits Eben S. Moulton was elected to serve as one of the six QuVis directors on May 3, 2006 (approximately eleven (11) months after the closing of the Seacoast loan on June 1, 2005). Seacoast admits Mr. Moulton remained on the board of directors as of March 14, 2007. No response is required to the remaining legal assertions.

18. Seacoast admits that upon learning QuVIS failed to accomplish the filing of an effective Financing Statement listing Seacoast as a secured party back at the inception of the loan transaction in May 2005, Seacoast promptly exercised its contractual rights under the Note Agreement and its rights under Kansas law to file a financing statement, and Seacoast admits

such filing was made on June 14, 2007. Seacoast does not have sufficient knowledge to admit or deny the remaining assertions in Paragraph 18 of the Complaint, some of which constitute legal assertions for which no response is required.

19. Seacoast admits that Eben S. Moulton continued to serve as a QuVIS director on June 14, 2007. Seacoast does not have sufficient knowledge to admit or deny the remaining assertions in Paragraph 19 of the Complaint.

20. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 20 of the Complaint, some of which constitute legal assertions for which no response is required.

21. Paragraph 21 of the Complaint contains legal assertions for which no response is required; however, if further response is required, the assertions are denied.

22. Paragraph 22 of the Complaint contains legal assertions for which no response is required; however, if further response is required, the assertions are denied.

23. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 23 of the Complaint, some of which constitute legal assertions for which no response is required.

24. Seacoast does not have sufficient knowledge to admit or deny the assertions in Paragraph 24 of the Complaint.

25. Seacoast denies the allegations in Paragraph 25 of the Complaint.

26. Seacoast denies the allegations in Paragraph 26 of the Complaint.

27. As to the first sentence of Paragraph 27, any UCC filing made on June 14, 2007, was a "legitimate remedy" expressly authorized under the Note Agreement referenced in

paragraph 12 of the Complaint, and no further response is required to the Plaintiffs' legal assertions. Seacoast denies the second sentence of Paragraph 27 of the Complaint.

28. Seacoast denies the allegations in Paragraph 28 of the Complaint.

29. Seacoast denies the allegations in Paragraph 29 of the Complaint.

30. Seacoast denies each and every allegation contained in the Complaint not specifically admitted, controverted or denied herein.

## II. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. As a first and separate affirmative defense to the cause of action asserted against it, Seacoast alleges that the cause of action in the Complaint is barred, in whole or in part, because the Plaintiffs lack standing to pursue breach of fiduciary claims against Seacoast and/or Eben S. Moulton. No fiduciary duties are owed by a corporate director directly to corporate creditors.

### SECOND AFFIRMATIVE DEFENSE

32. As a second and separate affirmative defense to the cause of action asserted against it, Seacoast alleges that the cause of action in the Complaint is barred, in whole or in part, by the doctrine of estoppel, including the doctrine of judicial estoppel. Notwithstanding the parties express agreement to the contrary, the Plaintiffs contended that there is no duty to share Collateral, which contention was accepted by the Court in its June 1, 2010 Order (Doc. 333). Accordingly the Plaintiffs are estopped from complaining about the alleged detriment they have suffered resulting by the operation of the "first in time" priority rule.

### THIRD AFFIRMATIVE DEFENSE

**DEFENDANT SEACOAST CAPITAL PARTNERS II, L.P.'s ANSWER TO PLAINTIFFS' COMPLAINT FOR EQUITABLE SUBORDINATION — Page 5**
009091.0157\573669.04

Case 10-05142    Doc# 7    Filed 08/19/10    Page 5 of 8

33. As a third and separate affirmative defense to the cause of action asserted against it, Seacoast alleges that the cause of action in the Complaint is barred, in whole or in part, by the doctrine of unclean hands. This is shown, without limitation, by the fact that while all Noteholders (including Seacoast) loaned monies to QuVIS in exchange for a security interest in the Debtor's assets, some or all of the Plaintiffs have colluded with others with the design of excluding Seacoast from participating in a reorganized QuVIS (or a successor to QuVIS), whether by offering to purchase QuVIS assets at less than fair value, or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

34. As a fourth and separate affirmative defense to the cause of action asserted against it, Seacoast alleges that the cause of action in the Complaint is barred, in whole or in part, because the Official Committee of Unsecured Creditors (the "Committee") lacks standing to seek redress for injuries that are personal to Mr. Stange, a member of the Committee.

## FIFTH AFFIRMATIVE DEFENSE

35. As a fifth and separate affirmative defense to the cause of action asserted against it, Seacoast alleges that the Complaint fails to state a claim upon which relief may be granted.

## PRAYER

WHEREFORE, Seacoast prays as follows:

1. That Plaintiffs take nothing by their Complaint; and

2. That Seacoast be awarded its costs of suit and such other and further relief as this Court may deem just and proper.

Dated: August 19, 2010

Respectfully submitted,

FLEESON, GOOING, COULSON & KITCH, L.L.C.

By: /s/ Thomas J. Lasater
    Thomas J. Lasater, Reg. No. 11440
    P.O. Box 997
    Wichita, Kansas 67201
    Telephone: (316) 267-7361
    Email: tlasater@fleeson.com

    and

    J. Maxwell ("Max") Tucker
    Patton Boggs LLP
    2001 Ross Avenue, Suite 3000
    Dallas, Texas 75201
    Telephone: (214) 758-1500
    Email: mtucker@pattonboggs.com

ATTORNEYS FOR SEACOAST CAPITAL PARTNERS II, L.P.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of August, 2010, a true and correct copy of this pleading was filed electronically with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                                            /s/ Thomas J. Lasater